We'll hear argument first this morning in Case 09-868, Wall v. Kholi. Mr. Weissman. Thank you. Mr. Chief Justice, and may it please the Court, the issue before the Court today is whether a State court sentence reduction motion, which is a pure plea for leniency, qualifies as, quote, an application for post-conviction or other collateral review within the meaning of 28 U.S.C. Section 2244d-2. The State respectfully argued there are at least three reasons why such term as collateral review refers only to a legal challenge, refers to those recognized post-direct appeal applications in which constitutional, jurisdictional, and other such fundamental errors may be raised. First, as this Court has said, it is presumed, Congress is presumed to have known the language that this Court used in its decisions. And the term collateral review has been used by this Court, certainly when referring to Federal 2255 applications, as those type of independent civil inquiries testing the validity of a conviction. Ginsburg. But, Mr. Weissman, the phrase is post-conviction or other collateral review. And certainly the Rule 25 35 motion is post-conviction. So it's post-conviction, it's not direct review, why isn't that dispositive? Well, I think both parties are in agreement, Your Honor, that the post-conviction review is a part, a parcel of the other collateral review. That's not. But or usually means something in addition. Yes, but respectfully, Your Honor, it is or other collateral review. And the or other, and I think both parties are in agreement as to this, or other embraces. A State post-conviction review must also be, quote, unquote, collateral review. Also, I think importantly, it would be anomalous in a tolling provision in which we're talking about the direct appeal already having been concluded to embrace things that don't file, that don't, that come prior to the direct appeal. This is a tolling provision. Obviously, 2244d1 speaks about the finality of a State court judgment of conviction. At that point, obviously, the rule 35 motion is made after the conviction. Well, it can be made, it can be made prior to when the conviction becomes final. For example, it can be made within 120 days of the imposition of a sentence, or it can be made within 120 days after the affirmance of the conviction on direct appeal of the Rhode Island Supreme Court. So it can be made prior to when the conviction becomes, quote, unquote, final. But isn't that true regardless whether the Rule 35 motion seeks legal relief or discretionary relief alone? That both can be made prior to the finality of the judgment. That is true, Your Honor. And if I understand your argument, your argument is that Rule 35 motions that seek legal review do fall within the 2244d2 language. It's just that Rule 35 motions that seek discretionary relief do not. Well, I'm not sure we can see to that point, Your Honor. I think clearly we're all in agreement that post-conviction vehicles and habeas vehicles, which obviously all traditionally occur after the direct appeal has been concluded, obviously qualify as what this Court and everybody, we would suggest, recognize as, quote, unquote, collateral review. In terms of a Rule 35 motion that says, for example, the sentence is outside of the proper boundaries, it's unlawful, it's a matter of law, I don't think we've actually conceded before this Court that that would qualify. But certainly this Court Sotomayor, does Rule 35 permit a challenge for a Federal violation? You've given an example of an illegal sentence that you think is discretionary. Am I correct? But does Rule 35a permit a legal challenge of the kind that Justice Kagan was asking? Correct. Our Rule 35 contains within the same provision a challenge to the legality of the Let's assume a pure legal challenge. A pure legal challenge, correct. Would Rule 35a be other collateral relief as designated by the statute? We would suggest that this Court doesn't have to answer that question here. There are good arguments why it would not, again, because in a tolling provision that speaks about collateral review, and again, 2255. So explain again why you don't think this is collateral. Well, certainly when all you're doing, as the First Circuit recognizes, is making a pure plea for leniency, sentence leniency. You're not No, no, no. Why is Rule 35, assuming it's a challenge to an illegal sentence, on a legal ground? Well, it could be argued. Why would it not be collateral? Well, it could be argued that we're talking about vehicles that challenge the validity of a judgment that has already survived scrutiny under direct review. And a Rule 35 vehicle, even one that raises a legal challenge in a tolling provision, simply will not begin to run at that point. I don't understand your argument at all. It seems to me the phrase, post-conviction or other collateral review, means post-conviction collateral review or pre-conviction collateral review. Isn't that what is added? Post-conviction or other. What's other from post-conviction? I guess it would be pre-conviction, wouldn't it? Well, we would suggest, Your Honor, that the collateral review, as explained by this Court, is referring to the difference between collateral review and direct review. And the case in Ottawa. That's fine. And is this direct review? This would not be. This is clearly not. This is not in the direct review process. So it's collateral review. So you lose. Well, this Court, though, Your Honor, has said that, speaking about when Congress enacted 2255, it simplified the procedure for making a collateral attack or a final judgment entered in a Federal criminal case, but it did not afford to modify the distinction, again, between collateral review and direct review. I would think that if there's anything to the point you're making, it hinges not on the post-conviction or other collateral phrase, but rather on the word review. I suppose it could be argued that you're not reviewing a judgment if you're asking for mercy. Whether the judgment was good or bad, you're asking for mercy. And I would, you know, perhaps it's not review. Is that your point? Well, we go forward and use that to even we would suggest, Your Honor, even more strongly that the phrase collateral review, as that phrase has been used by this Court consistently, recognizes that this is a procedure that occurs after the completion. Well, that's only because all the cases we've had involved that. We've never had a case like this before. So in all those other cases, we've used the natural term collateral review. That doesn't mean it couldn't apply to this. It just means we've never had occasion to inquire whether it applies to this. What Your Honor, respectfully, in Stafford says, ad amnesio itself, it contrasts with the Rule 35 motion, for example. Many jurisdictions, including obviously the Federal courts, had this very almost exact Rule 35-type proceeding. It has never been referred to. It has never been understood. Thousands of cases, collateral review, always have been understood as a sort of a quasi civil inquiry after the execution. Mr. Weisman, I think that that's not right, that the as you say, that the Rule 35 motion that Rhode Island has is based on the Federal Rule 35 motion that existed prior to 1987, and that on a couple of occasions, this Court talked about that prior Federal Rule 35 as collateral review. Am I wrong about that? We don't believe so, Your Honor. U.S. v. Robinson, Bartoon v. United States? I might be wrong about it. We don't believe it ever referred to a sentence, a plea for sentence leniency, Your Honor, no. Not as a plea, a pure plea for leniency under Rule 35. And the current Federal rule provides for its Rule 35 also, but it doesn't have the pure leniency. That's Rhode Island. That's correct, Your Honor. We're just speaking about the pre-1987 guidelines rule. What would you say? Let's assume that we adopt your formulation generally, that it has to be for legal error, collateral review has to be for legal error, and we could even add what the Ninth Circuit has found that it has to be by a court in order to avoid clemency, parole review boards and so forth. I don't see why you don't lose anyway, because the allegation here, the complaint, the argument may be that there was an abuse of discretion. And if there's an abuse of discretion, that is a legal ground to set aside the sentence. I think, Your Honor, we have to differentiate between a legal ground and the vehicle. Again, the vehicle, the reduction, the plea for leniency vehicle is not a legal vehicle. It's simply, I think, as the Coley panel recognized. Well, it's a motion made in a court, reviewable by the appellate courts of the State. But what is the point? It's a little odd to say that that's not legal. If an abuse of discretion standard is something we're quite familiar with in the law. We've never thought of that as being somehow extra-legal. Well, to the extent it's abuse of discretion, it's really shorthand for the appellate court takes a look, if the sentence is within the proper bounds, and if there was, quote, some justification for the imposition of the sentence, then it's affirmed. And just like in the case of the plaintiff's case, if there's no justification, I mean, I can say it hasn't happened so far in our State, and I think, you know, I don't know what happens in other States, but essentially that's all the inquiry is. They take a look at the sentence. If it's in the legal bounds, the filing of the motion itself, as to Pre-87 guidelines, presumes the validity of the conviction and sentence, and it simply says, give me a second chance, take a second look, look at the offender, look at the characteristics, look at what does it mean. Roberts. Roberts. Are those different than the characteristics that the sentencing judge looks at in the first instance? They could be the same. They could be other. There is a wide range. In other words, how these – you've obviously seen a lot of these, and I haven't seen any, but I mean, do the Rule 35 motions typically say – do they typically concede the legal validity of the sentence and then simply say what? I mean, I assume the sentencing is completely open and you can put in anything at all, like the deprived childhood, the unique situation, the age, whatever. In what sense is Rule 35 different from the arguments that are made at sentencing? It's not much different at all, Your Honor. It is essentially the same. It is simply the same. That's bad for you, isn't it? I mean, for the very point that Justice Kennedy was raising. If it's the same sort of arguments that you get to raise as a legal matter prior to the imposition of sentencing, why should they not be considered legal matters when they are raised under Rule 35? Because we don't believe they are legal matters, Your Honor. What they are asking for is sentence leniency based on sure factual matters, like, as you indicated, Your Honor, Chief Justice, the history of the individual, the various – Are those issues that can be – that are typically raised on direct review? No, they are not, Your Honor. We have a procedure whereby generally sentence reduction and sentencing issues must be raised pursuant to Rule 35. Do you quarrel with a statement in Malacone, a Rhode Island 2000 decision that says we will interfere with the trial court's discretion vis-a-vis sentencing only in rare instances where the trial justice has imposed a sentence that is without justification and is grossly disparate from the other sentences generally imposed for similar offenses? No. Is that the review standard? Correct. Correct. What did you say? That is the standard of review, correct? Yes. So please explain to me why that is not what Justice Kennedy described as a review for abuse of discretion and why a review for abuse of discretion is not a legal challenge. Well, what we suggest is the abuse of discretion that it's talking about is if there is no justification. Again, they look at the sentence, and if there is no justification for it, then it will be an abuse of discretion. If there is some justification, and again, it hasn't happened, if there is some justification, if the sentence is within the legal limits and there is some justification for it, it will be affirmed. I'm sorry. Am I misunderstanding you? Are you saying that the Rhode Island appellate courts never change a sentence under Rule 35? Or are you saying that they do find some lack of justification in some sentences?  What we're saying, Your Honor, is if there is some justification for it and if it's within the legal sentencing bounds, the denial of the Rule 35 motion is affirmed, and that happens all the time. Scalia. Well, then I think you're saying that it only gets reversed for abuse of discretion, right? And that's a legal ground, it seems to me. I don't know how you can say that that's a plea for leniency. It's a plea that the sentencing court abused its discretion and should have given a lesser sentence. How is that leniency? It's abuse of discretion. Because the inquiry is simply, I understand the words abuse of discretion are used, but the no justification and manifestly excessive standard simply, as the cases explicate, looks at the sentence, if it's legal, and if there's some justification for it, the appeal is denied. Scalia. You know, I don't want to have to figure this out case by case, or even jurisdiction by jurisdiction, as to whether it's an abuse of discretion review or leniency review or this or that. And that makes me inclined to say we should treat your Rule 35 as coming within the tolling provision. So we don't have to grapple with, I mean, I'm not having very much success understanding the distinction that you're telling me. I don't want to have to do this for 50 States. I understand.  I don't want to have to do this for 50 States.     And I think that the other thing that we need to be careful about is whether or not the judgment of conviction is valid and the State court, post the judgment of conviction, qualifies, which would certainly be an odd way for Congress to express that. Ginsburg. Can you read the relevant provision of the Rule 35? I mean, there are two categories, the ones that involve legal challenges, at least as I read the rule. Just read the relevant part of the Rule 35. Yes. Certainly, Your Honor. The court may correct an illegal sentence at any time, period. The court may correct the sentence imposed in an illegal manner, and it may reduce any sentence when a motion is filed within 120 days after the sentence is imposed or within 120 days after receipt by the court of a mandate. So you're talking about reducing. We're talking, this case involved only a motion to reduce sentence. And certainly the policy considerations, what Congress would have intended. Mr. Wessman, I'm sorry. Before you talk about policy, so this motion to reduce sentence is very short. It just says the man prays that the sentence imposed with respect to the above matter be reduced in accordance with the provisions of Rule 35. Would it make a difference to you if it said he prays that the sentence imposed he prays that the illegal sentence imposed with respect to the above matter be reduced in accordance with provisions of Rule 35? If he had put in that word illegal, would that have made the difference? It might, Your Honor. And under our system, it might, that might have been characterized not as a sentence reduction provision, sentence reduction vehicle, but as an illegal motion to correct an illegal sentence or challenging a sentence. So, but that does suggest the difficulty that Justice Scalia raises is that we're going to have to look at the particular rule of the State. We're going to have to look at the particular motion. We're going to have to look at any State law regarding how motions are construed. And this is going to be a very difficult determination. Sure. If I could just address that, Your Honor. The problem is, is simply because statute of limitations is an affirmative defense. These are matters that already are going to have been included in the State court. Before anyone files for 2254, the State's court is going to have a finding. This is either going to be a motion for a sentence leniency or it's going to be a motion to correct an illegal sentence. These matters are going to have to be pled by the State as well. So when an applicant goes to Federal court, district court, and files for 2254, if we want to raise the affirmative defense of the time bar, which will save the Federal court a lot of time, obviously, because there is no case at all, and if we can contrast it with exhaustion, for example, which this Court obviously is familiar with, presents very complicated questions of whether, you know, State procedures were exhausted and claims were exhausted. This is very straightforward. If somebody raises a motion which challenges legality of the sentence, it will be characterized in the State court in the run-of-the-mind cases as an illegal sentence. Sotomayor So a Petitioner in the future in Rhode Island should file a petition that says, I'm filing a motion pursuant to 35A for an illegal sentence. Make something up. Or for leniency. And then are district courts supposed to figure out whether the legal challenge was frivolous or not or had a basis in law or fact, and then decide whether they would toll or not toll based on that now side trial on what's an illegal sentence and what's just a plea for leniency? That's what you're proposing. Verrilli, Well, what we suggest actually is very straightforward, Your Honor. If somebody captions their document, you know, motion for sentence reduction and motion to correct an illegal sentence, that's not this case, obviously, because then it's not a legal sentence. Sotomayor So what if they say correct the illegal sentence because it was an abuse of discretion? So is the magic words illegal sentence or is the magic words abuse of discretion? What are the magic words? Verrilli, Well, it may not so much be the magic words, but it's what the — as this substance of the motion seeks. And that will already have been determined in State court, either lawfully or not. Scalia Either your victory will give you absolutely nothing or you have truly stupid defendant lawyers in Rhode Island. I mean, why would anybody not caption the 35 motion that way? What's to lose? You say it doesn't matter if your claim of an illegal sentence is frivolous or not. What's to lose? Verrilli, Because, Your Honor, they actually want to reduce their sentence. It's not — we don't say it's not a matter of playing games. They, you know, they feel their sentence for 30 years and maybe they want 20 years. And if they want to challenge the legality of the sentence, they recognize the established collateral attack vehicles. Alito There is another argument that you could make, other than the one that you've been pressing, which is that collateral review means something other than a step in the criminal case. But you've chosen not to make that, is that correct? Verrilli, Well, we've spoken about the word collateral review as embracing a case that's already upon looking at proceeding that occurs after the finality of the judgment, which obviously includes this Court's denial of cert or the time. Scalia But you've said that this can be done before finality. I thought I — I'm sure you said that earlier, that this motion can be made before the judgment is final. Didn't you say that? Verrilli, It can. It certainly can, Your Honor. And we would suggest that. Scalia But that's not what you just said. Verrilli, No. Scalia You just said it's after the finality. Which is it? Verrilli, We would suggest, Your Honor, that that furthers our argument. A Rule 35 motion is not collateral review, because it is not a motion, you could say even in a legal sentence motion. It's not a motion that occurs after the judge becomes final. And we're looking at a tolling provision. And the congressional intent tolling provision was finality and exhaustion of State remedies. Sotomayor I'm sorry. I'm not sure I understand that. There's nothing in this rule that bars a litigant from filing after the conviction is final. They have 120 days. Verrilli, They have 120 days. It can be filed after the sentence is imposed, 120 days of that date, or 120 days after the conviction becomes final. And we would suggest that the term collateral review embraces, as Justice Alito indicated, sort of that concept that, obviously in a tolling provision, it begins to run when the conviction becomes final. Justice Scalia suggested that perhaps the leniency review is not review of the conviction or sentence. But you didn't do anything with that. You didn't argue that the kind of review that's involved with leniency is really not review of the sentence for legal error. Verrilli, It's clearly not, Your Honor. Correct. I think as everybody recognizes, the Coley panel and the Respondents in this case as well characterize this Rule 35 proceeding as sort of apart, distinct, away from the underlying case. And that's undoubtedly true in the sense that it's not part of the direct review process. It's clearly not. But that doesn't mean it's collateral review. It's not either or. It can be. So what is it, something in between? It's not direct and it's not collateral. It's neither fish nor fowl, Your Honor. I mean, simply because it's not part of the direct review process doesn't mean that it's, quote, arguably collateral review, because, again, collateral review has this sort of meaning in the law, used in this Court's decisions, used in this Court's cases, referring to a post-judgment vehicle in which fundamental jurisdictional and other type of errors can be raised. Scalia. I guess we need a new adjective then, because I've always thought that there are two kinds of review, direct and collateral. You say there's a tertium quid. What do you want us to call that? Well, I don't know that it needs to be called anything, Your Honor. I think the only question with respect to it is that it doesn't need to be called anything because it doesn't exist. I can't imagine anything that isn't a direct review. Well, it's certainly an interesting vehicle because it can be filed prior to the finality of the judgment and it can be filed after the judgment becomes final. And, again, going back to the policies, with 2244d2, very clearly, two big policies again are finality, which obviously promotes these cases would not be in Federal court if they were time-barred, and exhaustion of State remedies. To have a motion that seeks leniency only, there's no purpose that could be accomplished by bringing that motion into Federal court, and therefore it doesn't serve that purpose. But, Mr. Weisman, that's true also of State habeas claims that are based only on State law. But Sixth Circuit has said that 2244d2 applies to those claims. Are you contesting that? We're not. But the important element there, Your Honor, is that those vehicles can be raised to bring. Those are the vehicles, the collateral review vehicles, through which the States have channeled constitutional, jurisdictional, and other fundamental claims. The Rule 35 set-in-production vehicle doesn't can't do it, can't do that service. So, sure, you could have a habeas, and the only issue, the only claim raised in a habeas could be, you know, some violation of my State rights, which couldn't be heard in 2254, but. But Congress may have well said, we're not going to be in the business of looking at the individual claims. Look, this is a collateral review vehicle. This vehicle is a recognized vehicle for bringing, for channeling in these claims. So that's going to talk. But this other vehicle, this Rule 35 set-in-production vehicle, it can never be used for a claim that could go to Federal court. It's pointless. I mean, it wouldn't serve the purpose, and, of course, it would undermine the State's interest in getting the State prisoners into Federal court within one year. I'll rest my time if that's okay, Your Honor.  Thank you, counsel. Thank you, Mr. Chief. Ms. Minster. Mr. Chief Justice, and may it please the Court. The First Circuit here correctly held that Khalil Coley's motion for a reduction of sentence under Rhode Island Rule 35 was an application for State post-conviction or other collateral review with respect to the pertinent judgment or claim. As such, it tolled AEDPA's one-year limitation period, and Mr. Coley's petition was timely filed. We look to the common usage and ordinary understanding of the word ''detoling provision'' in the context of the statute. Collateral review is a proceeding occurring after final judgment that could affect that judgment. Am I correct that you think post-conviction or other collateral review means anything that occurs after the conclusion of direct review? Yes, for purposes of detoling provision. And what does the phrase ''or other collateral review'' add? Why wouldn't Congress just say post-conviction review? In Duncan, this Court talked about the possibility of civil commitment or contempt in custody that could be part of the Rule 2254 proceeding, and that that would not be post-conviction, so that post-conviction is a form of collateral review but is not the only form. In Duncan, the Court also discussed the fact that many States may call what other States call post-conviction review something else, and that that would also then be collateral. The collateral is just an umbrella that encompasses post-conviction and other forms of review after a judgment. Why don't you just call your motion a motion to correct an illegal sentence? Then we wouldn't have any dispute here, I gather. Under the State's theory, there would not be. I did not file this motion. You're not one of the stupid lawyers that we were worried about before. I may be in other respects, Your Honor, but not this one. I'm sure of that. But you do think that if you had, if you or whoever files these motions had simply said that, there would be no problem, right? From the State's perspective, I don't think that there's a problem with omitting the word illegal, because of the statute. Well, it's because you want something other than legal review, right? You want to throw yourself on the mercy of the Court. You've got plenty of avenues to correct the illegality of the sentence. But this is something different, right? This is to not correct. You admit it's illegal, but you say, but it should still be reduced for a lot of reasons. Yes. It is a request for the Court to review, to take a second look, to reexamine the sentence to determine whether or not it was unduly severe at the time that it was imposed. You're asking the Court to take a second look, either based on factors that were submitted at sentencing or additional information that was submitted. So you can raise all of those claims under the normal State collateral post-conviction, State habeas, all those other things, right? You can raise those issues under the post-conviction review. You can also raise them. In Rhode Island, there is a provision of the post-conviction review statute that requires the State to review the sentence in order to determine whether or not it was an abuse of justice. Roberts. I guess I'm having trouble. You can the various grounds on which the sentence should have been lower than it was, including the fact that setting the sentence at that level was an abuse of discretion. You obviously can raise those at sentencing, and you can raise those on direct review, right? In Rhode Island, you cannot challenge your sentence on direct review. Can you challenge it on State habeas? You challenge it by way of the Rule 35 motion. That's the only vehicle you have for challenging the sentence. That's the normal vehicle that is used for challenging the sentence. I believe that you could also encompass it in a motion for post-conviction relief, which is the kind of umbrella Rhode Island procedure for raising our legal charge. Kennedy. So after a conviction in the State, if there is an appeal with a number, on direct review, with a number of issues of improperly admitted evidence and so forth, the lawyer can't add, and in addition, he was sentenced under the wrong provision. He was given 5 years too many because the judge cited the wrong provision. You can't say that on direct review? Under my understanding of the Rhode Island Supreme Court decisions, the answer to that is no. You can challenge only the conviction, not the sentence, on direct review? I believe that that is the holding of the Rhode Island Supreme Court. Do you agree that Rule 35 is not something that the prisoner must exhaust before seeking Federal habeas? Exhaustion for Federal habeas is limited to exhaustion of the claims that are going to be presented in the Federal habeas petition. And since a — the denial of a request for a sentence reduction on the grounds of abusive discretion is not going to be a claim that is cognizable in Federal habeas corpus jurisdiction, then you would not need to exhaust it. But isn't the whole purpose of allowing tolling of the 1-year Federal statute the purpose to give the Petitioner an opportunity to exhaust what he must exhaust? Exhaustion is one of the purposes of the tolling provision, but this Court has recognized that AEDPA's purpose was to further the principles of comity and finality in Federalism and had a clear purpose of encouraging litigants to pursue claims in State court prior to seeking Federal review. So tying the tolling provision to State applications shows congressional concern for comity, which at its core is a request — is a respect for the State processes that are used in reviewing the claims of State prisoners. Roberts, I may have asked this already, but it seems unusual to me, so I want to make sure of the answer. You have a client who is convicted of a particular offense that results in a sentence of what, zero to 5 years, okay? And the judge, in imposing the sentence, engages in racial discrimination. It turns out that he sentences African-Americans to 5 years and Caucasian defendants to 2 years. That, you're telling me, is a claim that you cannot raise on direct review or on State — in State habeas? It would be raised in the State Rule 35, the motion to correct. Well, you say it would be raised. Are you saying it can only be raised under Rule 35? It could be raised under the State post-conviction review proceedings as well. Well, that's what I would have thought. So Rule 35 is not the only vehicle for challenging a sentence? No. Your adversary said the contrary, and I was — you're flip-flopping. Can this be brought on a direct appeal or not? No. An illegal sentence. Not on direct appeal. So what did you mean when you answered the Chief Justice that it could be brought in collateral proceedings? Rule 35 is a collateral proceedings. That's — just so then your adversary, when he gets up on rebuttal, can confirm or not this point, any challenge to an illegal sentence has to be brought first in a Rule 35A motion, regardless of what the grounds of illegality are? Yes, or perhaps in a motion for post-conviction relief under Section 10-9.1. Could I return to the question Justice Ginsburg asked a couple of minutes ago? We have — let's say we have a case in which a defendant convicted in State court has some exhausted Federal claims that this defendant wants to raise in a Federal habeas, also files a motion seeking a reduction of sentence based purely on a request for leniency, a sentence within the range prescribed by the statute. What purpose is served by tolling the time to file the Federal habeas during the pendency of this request for leniency in the State court? I know you say comity, but in concrete practical terms, what purpose is served? A prisoner who receives adequate relief in the State court through whatever vehicle may choose not to pursue a Federal habeas? Now, in your experience, does that happen a lot? You have somebody who is sentenced to a 5-year sentence, and that's within the range. Also has legal challenges that would result in no conviction, no time whatsoever, and no criminal conviction. That person decides to give up on the legal challenge because the 5-year sentence might be reduced to 3 or 2 or 1? I would say that would be unlikely, but there are many Federal habeas cases that are raised questions of, for example, ineffective assistance of counsel at sentencing. A State resolution that reduces the sentence would obviate the need for a Federal habeas petition in that context. If you look at 2255, that's the Federal post-conviction review, and it also has a 1-year statute of limitations, that limitation would not be told for a Federal Rule 35 motion. So why should it be told for State? 2255, Justice Ginsburg, has no tolling provision at all, and the reason for that may perhaps be the respect for comity that Congress recognized when you are addressing a 2254 petition filed by a State prisoner. Kagan. Kagan. Kagan. I think, Ms. Meisner, the amicus brief in this case asserted that in Rhode Island or in other States with a rule like this, many judges sit on these Rule 35 motions. They just let them stay pending for a considerable period of time in order to retain some ability to modify the sentence if and when they feel like doing so. Is that your understanding of what happens to these motions, that they just sit, that they are not denied? I don't practice in Rhode Island, but in this case, the Rule 35 did not sit. It was resolved by the trial court within 3 months. The issue, the potential for abuse from sitting on motions is not limited to a Rhode Island Rule 35. It's not a peculiar concern. Well, I guess the question, and I'm sorry if I've cut you off, is not that this is a question of abuse, that it may be a good thing. The idea is you've got a motion for reduction of sentence because of mercy, and the judge might say, well, I'm inclined to exercise mercy if you come out of the rehab program in a good way. If it turns out after the first several months you're a model prisoner, in other words, it's not a question of abuse. It's a good thing. And if we start saying that the time for Federal habeas is told, judges might be inclined not to exercise such charity based on the prisoner's conduct after conviction. Well, the Rule 35 also provides that the decision must be made within a reasonable time. 120 days, right? No. 120 days is the time frame for when the motion must be filed. Right. The rule also provides that it must be decided, resolved within a reasonable time. So there is a limitation in that respect. Do we have any indication in the case law of what a reasonable time consists of? I have not found any Rhode Island cases discussing that particular question. Can you go back for a second? Imagine a defendant is convicted of robbery and he's sentenced to 10 years. He thinks there is an error in my conviction of a legal nature, and he thinks there is another error in my conviction, in my sentence of a legal nature. Now, I take it in Rhode Island he files an appeal to consider the first. Yes. And as to the second, he files a Rule 35 motion. That's my understanding of Rhode Island. And when does he file the Rule 35 motion? Because it says at any time. No, a Rule 35 motion must be filed within 120 days. No, it doesn't say that. It says a court may correct a legal sentence at any time. I'm talking about nothing to do with mercy. I want to know how it works. He says there is a legal error in my sentence. When does he get that corrected? A defendant would have an interest in getting it corrected. I'm not going to take what I have as my view. I just want the fact. I'm asking you a fact. When, how, and when does the person correct the legal error in his sentence? He could correct it by filing the motion at any time and in the trial court. And if the trial court says no, what does he do? He appeals. Fine. Okay. So now we have two appeals. One is from the judgment of conviction. Another is from the judgment imposing the sentence. Now, the Federal statute says a 1-year period of limitation shall apply from the date on which the judgment became final. Correct? Yes. Okay. When is the date on which the judgment of the sentence became final? If both appeals are pending at the same time, the practice would be to consolidate them, so you would have a ruling from the Rhode Island Supreme Court. And if they are not appealing, they are not at the same time, then what? Then the judgment would become final when the Rhode Island Supreme Court affirmed the conviction and either this court. Why not the sentence? You may have two times. In April, they affirm the conviction. In June, they affirm the sentence. Do those two months, does the date on which the judgment became final by conclusion of direct review, does that run from April or from June? I would say June. June. Okay. Now, suppose he doesn't, suppose that there were no appeal from the – I see. Our problem is that there is no appeal from the judgment, from the sentence, where he asks for correction as a matter of mercy and not law. There may be an appeal. There may be. From such – from the denial of a Rule 35. What I'm trying to figure out is why, if you're willing to call for purposes of one, the 1-year statute begins to run from the time the direct appeal becomes final. Why is it a direct appeal of a sentence where you appealed a matter of law and it isn't a direct appeal of a sentence where you asked for mercy? It's the same rule. It's the same procedure. It – the Rule 35. This would help you just as much, I imagine. I'm just trying to get it straightened in my mind. Rhode Island's manner of addressing the Rule 35 seems to be somewhat unusual in terms of how it's done. I know. You see, my basic question is why – look, two appeals, one judgment, one sentence. Okay? January, June. You're prepared to say the 1-year statute does not begin to run until June. Fine. The Rule 35 motion, when you took an appeal, became final for purposes of the Federal habeas statute in June. So why doesn't the Rule 35 motion become final under 1a of the habeas statute whenever that's decided finally? Why is it collateral at all? Why isn't it direct, just as your first one was direct? If the Rule 35 motion is filed after the Rhode Island Supreme Court affirms the judgment, which is the judgment of conviction. Judgment of conviction. Judgment of conviction. The Rule 35. It's the same reason that it doesn't become final when you haven't appealed your sentence yet or when they haven't decided. They didn't consolidate. I'm quite confused, as you see, as to how this all works in Rhode Island. Rhode Island, I used to be on the First Circuit. I know it has some special ways of doing things that are sometimes different. And this is different. It is, Justice Breyer, and I have not seen any Rhode Island cases addressing a Rule 35 motion that was not filed after the judgment of conviction had been affirmed in the context of looking for a discretionary judgment. There must be in Rhode Island some complaints about the sentence. In terms of a motion for reduction for leniency, I have not seen any. Both. I have not seen any pre-judgment, pre-Rhode Island Supreme Court resolutions. Alito, what would happen if the statutory maximum for an offense in Rhode Island is 5 years and the sentencing judge imposes a sentence of 10 years and the defense attorney at that time says, well, you can't do that, that's more than the statutory maximum, and the judge goes ahead with it, and then an appeal is taken? You're saying that the appellate court in Rhode Island would not entertain that argument? They would say, you have to go back and make a Rule 35 motion in the trial court. Maybe that's the procedure. It seems odd. But is that it? That is what the Rhode Island Supreme Court has said. Is there a citation for that that you have? I do not have that with me. Alito, could I return you to something more basic? Do you think the term collateral review is a term, a legal term of art, or is it a term that we should interpret simply by looking up the word collateral in a dictionary? Well, this Court has discussed the — has used the term collateral review in a number of different contexts, in civil cases, in habeas cases, in the manner of distinguishing between direct review and something that is outside direct review. But isn't — if I look up collateral attack in Black's Law Dictionary, won't I find a definition there, and won't it tell me that this is something other than the proceeding, this is an attack on a judgment outside of the proceeding that led to the entry of that judgment? Isn't that what the term generally means? Collateral generally means supplementary, as defined in Black's, and collateral attack in Black's is defined as an attack on a judgment in a proceeding other than direct appeal. Right. But the Rule 35 motion in Rhode Island is not part of a direct appeal. It is a separate case. But it's part of the case. It is part of the case, Justice Alito, but a motion for a new trial based on newly  What about just a regular motion for a new trial, not based on newly discovered evidence? Is that collateral or is that part of the criminal proceeding? The motions for a new trial, a motion for a new trial that has to be filed within 10 or 14 days of the conviction would be part of the direct appeal and therefore would be — would not be collateral. But a motion for a new trial that is filed after the judgment is affirmed by a court of appeals and the time for cert has passed would be collateral. But what's wrong with the argument that nothing that occurs in the criminal case itself is collateral? What Congress had in mind when it spoke about collateral review was something like habeas. Let me give you an alternative interpretation of this. And maybe it's completely wrong, but I — you'll tell me why it's wrong. Postconviction is a term of art. Many States, including Rhode Island, have postconviction review statutes. So Congress wanted to have that time, the time when those proceedings were told, were pending told. But not every State uses that phrase. Not every State uses that term. They have other names for the proceeding. And that's what's meant by other collateral review. Collateral review is a term of art. It's not something that you understand by looking up the word collateral in a dictionary. What's wrong with that? There is no indication that Congress was limiting the use of the term collateral review to a postconviction legal challenge. Congress could have said that if it had wished. I'm not saying it has to do with whether it's legal or something else. It has to do with whether it's in the criminal case or not in the criminal case. Traditionally, motions that are filed, motions for new trial are maybe filed after the judgment has been affirmed and have been viewed by the courts as collateral, as collateral review. So there is, the tradition doesn't limit the use of the term collateral review to a proceeding that is completely separate and apart. Indeed, a 2255, while it may be separately filed, is then consolidated with the original proceeding and there's an entry in the docket, you shall not file any more pleadings in that separate case. It all goes back to the original case, the 2255, which is collateral, is heard by the trial court. So there is a, there is no reason to assume that Congress was limiting collateral review to something outside of the original proceeding. Do you? Alito, 2255 is in the original case, but it's a habeas substitute. It was adopted by Congress as a substitute for habeas. Isn't that right? Yes. Do you think that a petition for clemency that's presented to the Governor would toll the limitations period? No, I do not, Justice Kagan. Why is that different? Because 2244d2 is tolling an application for review with respect to the pertinent judgment or claim. And an application for clemency doesn't produce any change in the judgment that is rendered by the court. It's not a request that is related to the legal reasoning behind a judgment, doesn't challenge the basis for the judgment, and it's an executive branch function in some cases with advice and consent of the legislative body, and there's no judicial review. So it is. That may be right, but I don't think that's the reason. I thought we had held that the word ''filed'' in the petition means filed in a court, not filed with the Governor. It's the word ''filed'' in the tolling provision that does the work. I would agree. You think it doesn't matter that, I mean, Rule 35 motion is a motion made in the original criminal proceeding, not to the side of it, so it isn't a collateral attack as ordinarily another proceeding to the side of the main proceeding. But the Rule 35 motion is filed in the criminal proceeding itself. Yes, it is, Justice Ginsburg, as is a Rule 33 motion for a new trial based on newly discovered evidence, which courts have held to be collateral. It's a question of when these motions are filed that makes them collateral. They are not part of the direct review process. So if this was — if this motion had been filed before judgment, which can happen before the judgment is final, then there would be no tolling. Tolling would not come into play until after the judgment has become final. If this has been addressed in return prior to, it would have a motion to act on tolling. So the answer is yes. This motion, which can be filed either before or after judgment, the time is tolled if it's made after the judgment, but not if it's made before. Sotomayor, there seems to be some confusion. Judgment is rendered before this motion is made. There's a conviction and there's a sentence, right? Yes. So there's a judgment rendered. That's different from whether the judgment is final in a Federal sense. It's final as far as the State is concerned because the judgment was rendered, correct? Well, the judgment would become final as far as the State is concerned if on appeal, if there is an appeal and the Rhode Island Supreme Court has a vote. If there's no appeal, it was final the day it was rendered as far as the State is concerned. If there's an appeal, then it may undo that, correct? Yes. So there is a judgment and this is always post-judgment. Yes. Well, that's not what the State says. The State says, and I think the way 35 reads, it doesn't have to be filed after judgment. It has to be filed within 121 days after the entry. That's right. It can't be filed any later than that, but it doesn't say that it can't be filed before judgment. It would have to be filed after the sentence is imposed. That's right. And the sentence When does it become final? When does the even at the trial court level, when does it become final? It would say that it becomes final when it is imposed. Thank you, counsel. Mr. Weissman, you have 6 minutes remaining. Thank you, Mr. Chief Justice. Just to begin, if I could just clarify regarding the scope of Rule 35. The reporter's notes to Rule 35 do make it very clear that an illegal sentence is one which has been imposed after a valid conviction but is not authorized under law. It includes, e.g., a sentence in excess of that provided by statute, imposition of an unauthorized form of punishment, a judgment that does not conform to the oral sentence. And our Supreme Court has gone on to explain this provision by saying we have never encountered this challenge to the constitutionality of a penal statute in the context of a Rule 35 motion, nor have we declared that a sentence imposed pursuant to an unconstitutional statute is illegal as contemplated by Rule 35. I'm sorry. You were speaking so fast I didn't follow you. I'm sorry. Just not to my ear. Perhaps we can go back to the simple question, which is, can a defendant who has been convicted of an unconstitutional statute have to go by Rule 35-A or not, or do they have to go by Rule 35-A? Although there is dicta and some language where our Supreme Court says essentially file challenges to your sentences pursuant to Rule 35, it's clear that only certain types of challenges can be brought in a Rule 35 motion. In the run-of-the-mill cases, they have to be brought if there is an appellate record in direct appeal, or most commonly they are brought pursuant to the State's post-conviction relief. Sotomayor So now we get to the point where some can go under 35-A, but some can't. Some should go on direct appeal. Verrilli, The only ones that are correct under 35-A are, again, where the sentence is not authorized by law, or is imposed an unauthorized form of punishment, or a judgment that's called illegal. Sotomayor Correct. Correct. Breyer So now it's illegal. Sotomayor Correct. Breyer So what happens is that that kind of appeal takes place either days or possibly weeks after the defendant may already have appealed his conviction to the higher court. Sotomayor Correct. Breyer Is that right? That normally happens? Sotomayor That's correct. Correct. Breyer And what I'm curious about is what happens if the Court affirms that sentence, let's say two months after it already affirmed the conviction? Sotomayor Right. Breyer Which is the judgment pursuant to which? Which is the judgment that became final by conclusion of direct review? Sotomayor Right. Our position would be that's not part of the direct review appellate process. Breyer Why? The person is not being held in custody pursuant to a judgment of the State court, or at least a relevant judgment, until the sentence has been appealed. Then there's the conclusion of direct review in respect to the judgment in respect to which he is being held in custody. I'm just reading the statute, the Federal statute. Sotomayor Your Honor, that could occur at any time. It could occur 5 or 10 years or 20 years later. Breyer Exactly. And that's why I don't – that's why I am confused. I look at the language of the Federal statute, and it seems to me that this individual is not being held in custody pursuant to a judgment until that sentence is final. And the sentence is final in the lower court, but they say when the sentence is final at the conclusion of direct review in respect to that sentence, which hasn't even taken place yet. Sotomayor Yes, but our point would be, Your Honor, that it doesn't move the start of the 1-year limitations period. The start of the 1-year limitations period, as this Court said in Jimenez v. Quarterman, begins when it begins. It begins when that judgment becomes final, which is 90 days after our Supreme Court affirms the judgment of conviction. Breyer Okay. Then you are going to say all appeals in Rhode Island from sentences, all appeals on their lawfulness or their mercy take place under Rule 35 and all of them are collateral. Sotomayor No. Respectfully, Your Honor, what we are going to say is collateral review refers to those, as this Court said in Dunker v. Walker, habeas post-conviction relief vehicles that typically occur after the conviction has become final. Sotomayor I'm totally confused. If this is part of the criminal proceeding, which is your position that it's not collateral, that it's part of the proceedings, when does this proceeding become final? That's really because you're you're you're Breyer Under Jimenez v. Walker, it becomes final when, 90 days from when the Supreme Court affirms the conviction. Sotomayor But if the Rhode Island court has told litigants that they can't challenge some portions of an illegal sentence except by way of Rule 35, how can we call the decision on the affirmance of the conviction a final determination of the legality of the sentence, that that's contradictory? Breyer Because Congress has decided to pick the date on which the appeal becomes the conviction becomes final, which always occurs 90 days after the State's high  Sotomayor Well, but that's not that's not what the what it says. It talks about a judgment, and a judgment in other terms is usually the conviction and the sentence. Rhode Island, for its own reasons, has separated the two, but Congress has set four dates on which the conviction becomes final. Roberts Thank you, counsel. The case is submitted.